IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GRAYLIN GRAY, | ) | 4:10CV3219 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Objection (filing no. 11) to the court's December 8, 2010, Memorandum and Order (filing no. 10), which the court liberally construes as a Motion to Amend Petition for Writ of Habeas Corpus. In the court's December 8, 2010, Memorandum and Order, the court conducted an initial review of the Petition for Writ of Habeas Corpus in this matter and determined that Petitioner's claims, when liberally construed, were potentially cognizable in federal court. In his Objection, Petitioner argues that the court's summary of his claims in the December 8, 2010, Memorandum and Order was incorrect and asks that his claims proceed only as set forth in his Objection. Petitioner's amended claims, as set forth in his Objection, are as follows:

Claim One: The evidence was insufficient to sustain the jury's verdict of guilt beyond a reasonable doubt of criminal possession of four or more financial transaction devices in violation of the Fourteenth Amendment.

Claim Two: The evidence was insufficient to sustain the jury's verdict of guilt beyond a reasonable doubt of unlawful circulation of financial transaction devices in the first degree in violation of the Fourteenth Amendment.

Claim Three: Petitioner was denied counsel at his arraignments on the amended information in violation of the Sixth Amendment.

Claim Four: Officer Cronin did not have a reasonable suspicion of criminal activity to justify the investigatory stop of Petitioner in violation of the Fourth Amendment.

Claim Five: The evidence was insufficient to enhance Petitioner's sentences as a habitual criminal in violation of the Fourteenth Amendment.

Claim Six: Neither the county court nor the district court had personal or subject matter jurisdiction to try Petitioner in violation of the Fourteenth Amendment.

Claim Seven: The prosecution used false evidence, vouched for the credibility of its witnesses, and failed to disclose impeachment evidence in violation of the Fourteenth Amendment.

Claim Eight: The amended information does not state each fact that was an essential element of the crime charged, so that Petitioner was required to go beyond the information to learn the nature of the charge against him in violation of the Fourteenth Amendment.

Claim Nine: The trial judge failed to instruct the jury on the pertinent law of the case in violation of the Fourteenth Amendment.

Claim Ten: The state failed to provide a fair and reliable determination of probable cause by a judicial officer before or shortly after arrest in violation of the Fourteenth Amendment.

Claim Eleven: Appellate counsel failed to raise and preserve the federal constitutional issues central to Petitioner's case on direct appeal in violation of the Sixth Amendment.

(Filing No. 11 at CM/ECF pp. 2-6.)

The court has carefully reviewed Petitioner's amended claims and determines they are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. Because these claims are nearly identical to the claims the court condensed and summarized for clarity in its December 8, 2010, Memorandum and Order, the parties are ordered to continue to follow the deadlines and instructions outlined therein.

IT IS THEREFORE ORDERED that:

1. Petitioner's Objection (filing no. 11), construed as a Motion to Amend, is granted. The court preliminarily determines that Petitioner's Amended Claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. The Clerk of the court is directed to mail copies of this Memorandum and Order and Plaintiff's Objection (filing no. 11) to Respondents and the Nebraska Attorney General by regular first-class mail.

      3.    The parties shall continue to follow the deadlines and instructions outlined in the court's December 8, 2010, Memorandum and Order.

DATED this 30th day of December, 2010.

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              Chief United States District Judge

---

      *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.